IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:    ANIBAL CALLE | CHAPTER 13 |
| Debtor | No. 18-15916-amc |

## LALIT VERMA AND ANJALI VERMA'S OBJECTIONS TO DEBTOR'S CHAPTER 13 PLAN AND TO DEBTOR'S FILED SCHEDULES

Secured Creditors Lalit Verma and Anjali Verma (the "Vermas" or "Creditors"), by and through their counsel, the Berger Law Group, P.C., hereby object to Debtor Anibal Calle's ("Calle" or "Debtor") Chapter 13 schedules (the "Schedules") and bankruptcy plan (the "Plan") as follows:

1.    Debtor Calle commenced this bankruptcy proceeding on or about October 12, 2018 by filing a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code.

2.    On or about December 13, 2011, the Vermas loaned the Debtor the sum of $150,000.00 for the purpose of providing support for the Debtor's check cashing business ("Loan 1") pursuant to the terms of that certain promissory note dated December 13, 2011 ("Note 1").

3.    In order to secure Loan 1, Debtor Calle executed that certain Mortgage dated December 23, 2011 ("Mortgage 1") on the property located at 20 South Church Street, Coatesville, PA (the "Church Street Property"), which Mortgage 1 was recorded by the Chester County Recorder of Deeds on December 27, 2011 at Document Id. 11146685.

4.    Debtor Calle defaulted of his obligations to the Vermas by virtue of various events, including, without limitation, his failure to make payment when due of amounts payable on account of Note 1.

5. Accordingly, the Vermas filed a Complaint in Confession of Judgment against, Debtor Calle in the Chester County Court of Common Pleas at docket no. 2018-03020-JD, by which a judgment in the amount of $270,800.00 was entered against Debtor Calle ("Judgment 1").

6. Debtor Calle filed a Petition to Open the Judgment, and the Vermas filed a Response to said Petition. The Petition was still pending when the Debtor filed the instant Bankruptcy.

7. On or about May 5, 2016, Lalit Verma made a second loan in the principal sum of $40,000.00 ("Loan 2") to Debtor Calle and his wife, Leonida Calle ("Mrs. Calle"), in accordance with the terms and conditions of that certain demand note dated May 5, 2016 ("Note 2").

8. In order to secure Loan 2, Debtor Calle and Mrs. Calle executed that certain Mortgage dated May 5, 2016 ("Mortgage 2") on the property located at 112 Walnut Street, Coatesville, PA (the "Walnut Street Property"), which Mortgage 2 was recorded by the Chester County Recorder of Deeds on May 5, 2016 at Document Id. 11471487.

9. Debtor Calle and Mrs. Calle defaulted of their obligations to Lalit Verma by virtue of various events, including, without limitation, their failure to make payment when due of amounts payable on account of Note 2.

10. Accordingly, Lalit Verma filed a Complaint in Confession of Judgment against Debtor Calle and Mrs. Calle in the Chester County Court of Common Pleas at docket no. 2018-03276-JD, by which a judgment in the amount of $51,040.00 was entered against Debtor Calle and Mrs. Calle ("Judgment 2").

11. Debtor Calle filed a Petition to Open Judgment 2, which Petition was <u>denied</u> by the Chester County Court of Common Pleas.

12. Pursuant to the Vermas' two filed proofs of claim, the total amount due and owing by the Debtor Calle to the Vermas is currently $337,445.09 (the "Indebtedness"). A true and correct copy of the Vermas' Amended filed proofs of claim setting forth the Debtor's admitted value of the two collateral properties are attached hereto and made a part hereof as Exhibits "1" and "2" respectively.

13. The Vermas are secured creditors of the Debtor as they hold a first mortgage on the Church Street Property and on the Walnut Street Property.

14. However, Debtor's Schedules are deficient and Debtors' Plan is not confirmable.

15. Specifically, while the Debtor's Schedule D states that the Vermas are secured creditors, the Schedule only lists a debt of $308,800.00 as being owed to the Vermas, when the actual amount due exceeds $337,000.00. A true and correct copy of the Debtor's Schedule D is attached hereto and made a part hereof as Exhibit "3".

16. Moreover, the Debtor's Schedule D states that the obligation owed to the Vermas is only secured by real estate in the total amount of $150,000.00.

17. However, the Vermas' hold both first mortgages and judgment liens against two real properties (the Walnut Street Property and the Church Street Property) that the Debtor has admitted according to his Schedule A are worth $105,000.00 and $150,000.00, respectively. A true and correct copy of the Debtor's Schedule A with the $255,000.00 market value of the properties is attached hereto and made a part hereof as Exhibit "4".

18. Accordingly, the Vermas have secured claims in the total amount of $255,000.00, not $150,000 as stated in the Debtor's Schedules.

19. The Vermas further objects to the Debtor's Plan as it does <u>not</u> provide for any repayment of the Vermas' secured claim.

20. Based on the values of the Properties, the Vermas have a total <u>secured</u> claim of <u>$255,000.00</u> that must be paid through the Plan, and an unsecured claim of $82,445.09; however, Debtor's Plan makes no provision for payment of the secured claim or for any amount to be paid to the Vermas.

21. Therefore, the Plan and the Debtors' Schedules must be amended to reflect that the Vermas' Judgments are secured by two real properties which total $255,000.00, and to reflect the repayment of the Vermas' secured claim of $255,000.00 through this bankruptcy.

22. Alternatively, as the Debtor's Plan is not confirmable, the Debtor's filed bankruptcy should be dismissed.

23. Based on the foregoing, Debtor's Plan must not be confirmed by the Court.

WHEREFORE, Lalit Verma and Anjali Verma respectfully object to Debtor Anibal Calle's Chapter 13 Plan and to Debtor's filed Schedules, and request that Debtor's Schedules and Plan be amended to properly reflect that the Vermas' Judgments are secured by two real properties which total $255,000.00 in value, and to include payment for the Vermas' secured claim of $255,000.00, plus an additional pro rata payment on the $82,445.009 unsecured claim through the bankruptcy plan. Alternatively, the Vermas request that the Debtor's bankruptcy be dismissed with prejudice.

BERGER LAW GROUP, P.C.

Dated: 12/11/18       By: /s/: <u>Phillip D. Berger, Esq.</u>
PHILLIP D. BERGER, ESQUIRE
919 Conestoga Road, Building 3, Suite 114
Rosemont, PA  19010
(610) 668-0800